IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MARY JONES                                                                                                    PLAINTIFF

v.                                          Case No. 4:22-CV-1084 LPR

COMMISSIONER JOHNNY KEY
ARKANSAS DEPARTMENT OF EDUCATION                                         DEFENDANT

### DEFENDANT JOHNNY KEY'S BRIEF IN SUPPORT OF MOTION TO DISMISS

For his Brief in Support of Motion to Dismiss, official-capacity defendant Commissioner Johnny Key sets forth the following:

### STATEMENT OF FACTS

According to her Complaint, plaintiff Mary Jones has been a substitute teacher for 35 years. *Complaint* at ¶ 1. In September of 2019, she carried a sign reading "Out with Johnny Key and White Supremacists" as part of a protest against the State's takeover of the Little Rock School District. *Id.* After appearing on television news, she observed a woman who she thought was a staff member of the Arkansas State Board of Education talking with her apartment building manager. *Id.* at ¶ 2. Jones alleges that following this conversation, her building manager began harassing her "almost on a daily basis." *Id.*

State law requires substitute teachers to receive a background check at least once every five years. Ark. Code Ann. § 6-17-415(b)(3)(five-year background check requirement); Ark. Code Ann. § 6-17-414(b)(background check required for substitute teachers). Jones alleged that although she passed background checks for years, a more recent one revealed a 1975 prostitution charge. *Id.* at ¶ 3. Although Jones alleged she never was convicted of prostitution, her

1

Complaint contains a signed Petition to Seal confirming that she "pled guilty or nolo contendere or was found guilty of . . .. Prostitution." *Complaint* at p. 4-6. Although Jones alleges that the State Board of Education conducted the background check that revealed the prostitution conviction, background checks are not conducted by the State Board or the Arkansas Department of Education but rather by the Arkansas State Police and the Federal Bureau of Investigation. Ark. Code Ann. § 6-17-414(a)(1)(A).[1]

## LEGAL STANDARD

In deciding a motion to dismiss, a court must accept as true a complaint's factual allegations and construe them in the light most favorable to the plaintiff. *Springdale Education Ass'n v. Springdale School Dist.,* 133 F.3d 649, 651 (8th Cir. 1998). But "[t]hreadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). To survive a motion to dismiss for failure to state a claim, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). This "do[es] not require heightened fact pleading of specifics." *Id.* "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 557 U.S. at 679 (*quoting* Fed. R. Civ. P. 8(a)(2)).

In the present case, Jones alleges a "Privation of Rights Under Color of Law Section 243 of Title 18 U.S.C." She likely meant to allege a violation of 18 U.S.C. § 242, entitled "[d]eprivation of rights under color of law." These both are federal criminal laws. Jones's

---

[1] Once a background check is run by the ASP and FBI, those agencies inform the ADE of the results. If an educator is disqualified due to a conviction for a disqualifying offense, the ADE notifies the educator in writing of the disqualification.

Complaint must be dismissed for several reasons. First, as a private citizen, Jones lacks the authority and standing to bring a criminal prosecution. Second, she failed to offer "well-pleaded facts" to establish any entitlement to relief against Key under any legal theory. Third, Key is immune from suit for money damages, and Jones cannot obtain the prospective, injunctive relief she seeks from Key.

## ARGUMENT

### A. A Private Citizen Lacks Authority To Bring A Criminal Prosecution

Jones alleges that Key violated 18 U.S.C. § 243 [sic], which is a federal criminal law. It is beyond argument that a private citizen has no right to another for a violation of this federal criminal law; that authority lies solely with the United States Attorney's Office. In a case in which a private citizen sought to force a criminal prosecution, the United States Supreme Court held that a private citizen lacks standing to bring suit against a prosecutor for a decision not to prosecute. *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1977). The Court reasoned that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Id.* For this reason, Jones's Complaint must be dismissed.

### B. Jones Fails To State A Claim Against Key For Which Relief Can Be Granted

Assuming *arguendo* that Jones had brought a claim against Key under a non-criminal law (e.g., 42 U.S.C. § 1983), her claim nonetheless would fail. Her allegations against Key do not "state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. Jones speculates that because she carried a sign suggesting that Key was a white supremacist, he somehow caused her to fail a background check by digging up an old—albeit valid—1975 prostitution conviction. This unfounded, implausible, conclusory allegation carries no weight in the motion to dismiss analysis.

First, Jones's Complaint shows that she was convicted of prostitution in 1975. This fact is contained in the signed Petition to Seal attached to the Complaint. Second, background checks of substitute teachers are not conducted by Key or anyone at ADE, but rather by the Arkansas State Police and the Federal Bureau of Investigation. *See* Ark. Code Ann. § 6-17-414(a)(1)(A). Third, a prostitution conviction renders a substitute teacher ineligible for employment with a school district, *see* Ark. Code Ann. § 6-17-414(b)(35), unless she requests and receives a waiver of the disqualifying offense from the school district's board of directors; not from Key or the State Board of Education. *See* Ark. Code Ann. § 6-17-414(g). Because Jones fails to state a claim for relief against Key that is "plausible on its face," her Complaint must be dismissed.

### C. Key Is Immune From Suit

Also, Key would be immune from suit. Because Jones has not indicated the capacity in which she is suing Key, the law assumes she is suing him in his official capacity as Commissioner of the Arkansas Department of Education. *Norman v. Nix,* 879 F.2d 429, 431 (8th Cir. 1989). A state employee named in his or her official capacity is not amenable to suit for money damages. *Kentucky v. Graham,* 473 U.S. 159, 169-170 (1985). This absolute immunity bars Jones's claim for $6 million against Key.

Under the *Ex parte Young* doctrine, a plaintiff is not absolutely barred from seeking prospective, injunctive relief against a state actor when she is seeking only prospective injunctive relief to enjoin a continuing violation of federal law. 209 U.S. 123 (1908). Nonetheless, Jones failed to plead facts sufficient to state a plausible claim to such relief. Also, prospective, injunctive relief is not available through Key because he and the ADE must follow Ark. Code Ann. § 6-17-414(b)(35), which requires that Jones be disqualified based upon her prostitution conviction.

## CONCLUSION

For the reasons set forth above, defendant Commissioner Johnny Key respectfully requests that the Court grant his motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Respectfully submitted,

/s/ Lori Freno, No. 97042
Arkansas Department of Education
Four Capitol Mall, Suite 302A
Little Rock, AR  72201
(501) 782-4234
lori.freno@ade.arkansas.gov
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I, Lori Freno, hereby certify that on November 28, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.  I also certify that on the same day I sent a copy via regular U.S. Mail, postage prepaid, to the following:

    Ms. Mary Jones
    6115 West Markham Street, Apt. 4M
    Little Rock, AR  72205

/s/ Lori Freno, No. 97042
