**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**MARY JONES**                                                                    **PLAINTIFF**

**v.**                                    **Case No. 4:22-CV-01084-LPR**

**COMMISSIONER JACOB OLIVA,**
**Arkansas Department of Education**                                **DEFENDANT**

<u>**ORDER**</u>

        Pro se Plaintiff Mary Jones was a substitute teacher.  In September of 2019, she went to a protest and held up a sign that read, "Out with Johnny Key and White Supremacists."[1]  (At that time, Johnny Key led the Arkansas Department of Education.[2])  Shortly after the protest, bad things started happening to Ms. Jones.  Someone from the Arkansas Board of Education paid Ms. Jones's apartment manager a visit, which Ms. Jones alleges prompted the apartment manager to start harassing Ms. Jones.[3]  And, most importantly for purposes of the instant case, Ms. Jones was told that she failed a background check and thus could no longer work as a substitute teacher.

        Ms. Jones says that, throughout her time as a substitute teacher, the Arkansas State Police had always been the entity that conducted her background checks.[4]  Ms. Jones never failed a background check conducted by the Arkansas State Police.[5]  Ms. Jones alleges that, not long after

---

[1] Compl. (Doc. 1) at 1.

[2] *See id.*  Ms. Jones originally sued Mr. Key.  *Id.*  She did not specify whether she was suing Mr. Key in his official capacity, his individual capacity, or both.  *Id.*  The allegations in the Complaint are best read, however, as Ms. Jones alleging that the Arkansas Board of Education as a governmental entity, not Mr. Key as an individual, is responsible for Ms. Jones being barred from substitute teaching.  So the Court treats Ms. Jones's lawsuit as solely an official-capacity suit.  *See Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018).  Since the filing of this suit, Jacob Oliva has replaced Mr. Key as the Secretary of the Arkansas Department of Education.  Accordingly, the Court has changed the caption in this case.  *See* Fed. R. Civ. P. 25(d).

[3] Compl. (Doc. 1) at 1.

[4] *Id.* at 1–2.

[5] *See id.*

the protest, the Arkansas General Assembly revised certain statutes, such that the Arkansas Board of Education became responsible for conducting the background checks.[6]  And then Ms. Jones failed a background check for the very first time.  Ms. Jones failed her background check because the Arkansas Board of Education unearthed a 1975 prostitution conviction against Ms. Jones.[7]  Once that conviction came to light, the Arkansas Board of Education determined that, pursuant to Arkansas Code Annotated § 6-17-414(b)(35), Ms. Jones could no longer be allowed to serve as a substitute teacher.[8]

Ms. Jones believes that her exclusion from the substitute-teacher pool violates the law.  So she filed this lawsuit on November 7, 2022.[9]  She wants to be readmitted to the substitute-teacher pool; she also wants six million dollars.[10]  Defendant filed a Motion to Dismiss on November 28, 2022.[11]

## DISCUSSION

The nature of Ms. Jones's lawsuit isn't all that clear.  The only specific law cited in her Complaint is 18 U.S.C. § 243.[12]  That statute makes it a criminal violation to disqualify or

---

[6] *Id.*

[7] Ms. Jones says that she was never convicted "in a court of law," but an attachment to her Complaint contains a sworn statement from her that she "either pled guilty or nolo contendere" to the crime of prostitution.  *Id.* at 2, 4, 8.

[8] Ms. Jones's Complaint does not identify the specific Arkansas statute that barred her from substitute teaching.  Defendant contends that Ark. Code. Ann. § 6-17-414(b)(35) is the relevant provision.  Br. in Supp. of Def.'s Mot. to Dismiss (Doc. 4) at 4.  Section 6-17-414(b)(35) states that "[a] person . . . who provide[s] services as a substitute teacher, shall not be eligible for employment . . . reemployment, or continued employment . . . if the person . . . has pled guilty or nolo contendere to . . . [p]rostitution . . . ."  Ms. Jones has not challenged § 6-17-414(b)(35) as unconstitutional.

[9] Compl. (Doc. 1) at 1.

[10] *Id.* at 2.  If Ms. Jones's Complaint stated a viable claim, then her request for reinstatement would be a permissible form of injunctive relief under the *Ex Parte Young* doctrine.  *See Treleven v. Univ. of Minn.*, 73 F.3d 816, 819 (8th Cir. 1996).  Ms. Jones's request for six million dollars, however, would be barred by the Eleventh Amendment to the United States Constitution, regardless of whether Ms. Jones stated a viable claim.  *See id.*

[11] Def.'s Mot. to Dismiss (Doc. 3).

[12] Compl. (Doc. 1) at 1.

otherwise exclude someone from jury service based on that person's race or color. Section 243 is entirely inapplicable to this case for two reasons. First, private persons like Ms. Jones aren't allowed to enforce criminal laws.[13] Second, Ms. Jones's Complaint has nothing to do with jury service. In addition to the irrelevant jury-selection statute, Ms. Jones generally alleges that her "constitutional and civil rights" have been violated.[14] That general allegation, coupled with the leniency with which courts approach pro se complaints, leads this Court to conclude that Ms. Jones is bringing this suit under 42 U.S.C. § 1983.[15] Ms. Jones's § 1983 suit is best seen as one for First Amendment retaliation. That is, Ms. Jones is claiming that the Arkansas Board of Education retaliated against her because she participated in the September 2019 protest.[16]

Ms. Jones's Complaint does not plausibly allege a First Amendment violation. To survive Defendant's Motion to Dismiss, Ms. Jones's Complaint must plausibly allege that (1) Ms. Jones engaged in speech protected by the First Amendment, (2) Defendant's reaction to Ms. Jones's protected speech would "chill a person of ordinary firmness from speaking out," and (3) Defendant's reaction was caused by a desire to retaliate against Ms. Jones for her protected speech.[17] The Court assumes for the sake of analysis that Ms. Jones has plausibly alleged the first two prongs. And on the third prong, the Court assumes (and this is truly a fanciful assumption) that Ms. Jones has plausibly alleged that Defendant harbored a retaliatory animus toward Ms. Jones based on Ms. Jones's participation in the September 2019 protest. But Ms. Jones's claim still fails on the third prong because the Complaint does not sufficiently allege causation.

---

[13] See, e.g., Frison v. Zebro, 339 F.3d 994, 999–1000 (8th Cir. 2003).

[14] Compl. (Doc. 1) at 2.

[15] See Whitson v. Stone Cnty. Jail, 602 F.3d 920, 922 n.1 (8th Cir. 2010).

[16] See Pl.'s Resp. to Def.'s Mot. to Dismiss (Doc. 9) at 2.

[17] Laney v. City of St. Louis, 56 F.4th 1153, 1157 (8th Cir. 2023) (internal quotation marks and citations omitted).

The third prong of the First Amendment retaliation test requires "but for" causation.[18]  That means Ms. Jones's Complaint must plausibly allege that she was removed from the substitute-teacher pool *because of* Defendant's desire to retaliate against Ms. Jones.  Said differently, if Ms. Jones would have been removed from the substitute-teacher pool anyway, then it does not matter whether Defendant wished to retaliate against her.[19]  Ms. Jones's Complaint clearly alleges that (1) she had a prostitution conviction and (2) an Arkansas statute prohibited persons with such convictions from teaching.  So the Complaint essentially dictates the conclusion that, regardless of any retaliatory animus, Defendant had a legal obligation to remove her from the substitute-teacher pool.  It is therefore not plausible to conclude that Defendant removed Ms. Jones from the substitute-teacher pool because of a desire to retaliate against her for protected speech.  Thus, Ms. Jones has not stated a plausible claim for First Amendment retaliation.

## CONCLUSION

For the reasons given above, Defendant's Motion to Dismiss is GRANTED.  Judgment will be entered accordingly, and this case will be closed.

IT IS SO ORDERED this 12th day of May 2023.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[18] *Id.*

[19] *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019).